IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02363-PAB-NRN

MICHELLE D'ANTONIO,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., a Wisconsin Corporation,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on Defendant's Objection to the Court's April 28, 2022 Order [ECF No. 21] Pursuant to Federal Rule of Civil Procedure 72(a) [Docket No. 25]. Defendant objects to the magistrate judge's April 28, 2022 oral ruling, Docket No. 21, on the parties' discovery disputes set forth in a Joint Discovery Statement. Docket No. 21-1. Plaintiff responded to defendant's objection. Docket No. 31.

    When a magistrate judge issues an order on nondispositive matters, a "party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's

factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Defendant does not argue that its objections are timely, and they are not. The magistrate judge issued his order on April 28, 2022 in open court. *See* Docket No. 21 at 1 (courtroom minutes). Any objections to the April 28 order, therefore, were due by May 12, 2022. *See* Fed. R. Civ. P. 72(a) ("[a] party may serve and file objections to the order within 14 days after being served with a copy"). Defendant, however, filed these objections on May 13, 2022. Docket No. 25. Defendant did not seek an extension of time to object to the magistrate judge's order or explain the reason for its untimely objection. *See generally id.* Thus, defendant "is not entitled to review under the less deferential standard provided in Rule 72(a)." *See Vreeland v. Schwartz*, No. 13-cv-03515-PAB-KMT, 2017 WL 2627824, at *1 (D. Colo. June 16, 2017) (citing Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.")).

The Court has reviewed the magistrate judge's order to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Even if the Court were to apply a clearly erroneous or contrary to law standard, the Court would find no clear error with respect to the magistrate judge's order. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (noting that the district court must affirm a magistrate judge's decision under Rule 72(a) unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

mistake has been committed." (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  The Court will therefore overrule defendant's objections.

Wherefore, it is

**ORDERED** that Defendant's Objection to the Court's April 28, 2022 Order [ECF No. 21] Pursuant to Federal Rule of Civil Procedure 72(a) [Docket No. 25] is **OVERRULED**.

Dated August 25, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge
