IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02363-PAB-NRN

MICHELLE D'ANTONIO,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., a Wisconsin Corporation,

    Defendant.
_____

**ORDER**
_____

    This matter is before the Court on Plaintiff's Objection to the Court's May 12, 2022 Order [ECF No. 23] Pursuant to Federal Rule of Civil Procedure 72(a) [Docket No. 27]. Plaintiff objects to the magistrate judge's May 12, 2022 oral ruling, Docket No. 23, on the parties' discovery dispute outlined in a Joint Discovery Statement. Docket No. 23-1. Defendant responded to plaintiff's objection. Docket No. 32.

    When a magistrate judge issues an order on nondispositive matters, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573, (1985). A district court must affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is

left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

According to the Joint Discovery Statement, and as the magistrate judge noted at the hearing, defendant seeks an independent medical examination ("IME") of plaintiff. Docket No. 23-1 at 1; Docket No. 23. Plaintiff objects to the IME and argues that defendant is "barred from obtaining [the IME] based on *Schultz v. GEICO Cas. Co.*, 429 P.3d 844 (Colo. 2018)." Docket No. 23-1. The parties make identical arguments in the briefing on plaintiff's objection as they did in the Joint Discovery Statement and at the hearing. *See* Docket Nos. 23-1, 27, 31.

The parties agree on the underlying facts in this case, which arises out of a rear-end automobile accident. Docket No. 23-1 at 3. Plaintiff claims various medical damages of between $996,273 and $1,075,083. *Id.* Plaintiff settled with the other driver for the driver's $50,000 policy limit. *Id.* Plaintiff also made an underinsured motorist ("UIM") claim with defendant under three "stacking policies" with $250,000 in UIM coverage each and an umbrella policy with an additional $1,000,000 in UIM coverage available. *Id.* at 3–4. Defendant has made various payments to plaintiff of at least $500,000. *Id.* at 2, 4. Defendant's position is that it "wanted an IME once future treatment and impairment recommendations were made," but the "statute of limitations . . . was about to run." *Id.* at 4. Defendant therefore requested plaintiff toll the statute of limitations to allow the IME, but plaintiff filed this lawsuit for breach of contract and bad faith anyway. *Id.*

Plaintiff argues that, pursuant to *Schultz*, defendant is not entitled to an IME because it waived its entitlement when it paid "coverage" to plaintiff. *Id.* at 2 (citing *Schultz*, 429 P.3d at 846 (a "[first party insurer's] conduct must be evaluated based on the evidence before it when it made its coverage decision," and the insurer "is not entitled to create new evidence in order to try to support its earlier coverage decision")).

In *Schultz*, the Colorado Supreme Court held that an insurer's "conduct must be evaluated based on the evidence before it when it made its coverage decision and that, therefore, [an insurer] is not entitled to create new evidence in order to try to support its earlier coverage decision." *Id.* at 846. The insurer denied that it acted in bad faith because the coverage issue was "fairly debatable" and, therefore, it had a "reasonable basis" to deny coverage. *Id.* at 848. The insurer sought an IME essentially to substantiate this coverage decision. *Id.* The court held that, because the IME could not provide information that would have been relevant to the coverage decision it had already made previously, "the district court abused its discretion when it ordered [the plaintiff] to undergo an IME over three years after the original accident . . . and a year and a half after [the insurer] had made the coverage decision at issue" because coverage was no longer at issue by that time. *Id.* at 846. In other words, under *Schultz*, an insurer cannot use an IME to defend a previous coverage determination, since coverage decisions are made based on the information available to the insurer at the time of the decision.

Defendant contends that plaintiff is misreading *Schultz* because that case does not bar defendant from obtaining an IME. Docket No. 32 at 4. According to defendant, because it has not made a coverage decision with respect to plaintiff's UIM claim,

3

coverage is still at issue, and *Schultz* does not apply. *Id.* at 4–5.

At the discovery hearing, defendant argued, as it had in the Joint Discovery Statement, that plaintiff has chosen to keep coverage at issue by asserting a breach of contract claim for additional UIM benefits. Docket No. 23-1 at 4–5. According to defendant, if plaintiff "did not want coverage to be in dispute in this lawsuit, she could have brought only the bad faith and statutory delay/denial claims . . . and not claimed entitlement to additional UIM benefits on top of the $500,000 in UIM benefits already paid to her." *Id.* at 4–5.

At the hearing, and in her objection, plaintiff argued that she was focusing on the word "coverage" as it relates to the policy and that coverage has been established and is therefore not at issue. *See* Docket No. 27 at 3–4. Defendant has maintained that plaintiff "conflates the notions of coverage and entitlement to additional benefits" because defendant's "acknowledgement that [p]laintiff has a total of $1.75 million in UIM coverage available is not an admission or concession" that plaintiff is "entitled to collect the full sum of UIM coverage." Docket No. 32 at 4. "Coverage is in place . . . when the injured party making the claim is an insured under the policy and the premiums are paid. Entitlement to benefits requires plaintiff to prove she is legally entitled to collect those benefits because she has . . . damages . . . that exceed the amount she received in liability settlement with the tortfeasor." *Id.*

The magistrate judge indicated that he agreed with defendant that plaintiff misunderstands *Schultz* because breach of contract was not at issue in that case, as the insurer had already determined coverage. According to the magistrate judge, defendant would not be entitled to the IME if plaintiff accepted the coverage already

4

paid and dismissed her breach of contract claim, but, because the parties dispute the coverage, and defendant has not made a final coverage decision, *Schultz* does not apply. In other words, because defendant has not made its coverage decision – since plaintiff demands more benefits than have been paid – the *Schultz* rule that an insurer cannot retroactively justify its coverage decision is irrelevant and does not bar defendant from seeking an IME. The magistrate judge also stated that he agreed with defendant that plaintiff has conflated "coverage" and "benefits," which have the definitions defendant provided.

      The Court agrees with the magistrate judge's analysis of these issues and notes, as the magistrate judge did at the discovery hearing, that other courts in this District have read *Schultz* as defendant does. Defendant identified some of these cases in the Joint Discovery Statement. *See* Docket No. 23-1 at 6–7 (citing *Preitauer v. Am. Fam. Mut. Ins. Co.*, No. 20-cv-00845-RM-SKC, 2021 WL 83295, at *1–2 (D. Colo. 2021) ("The Court agrees with American Family that Preitauer's claims for diminished earning capacity and diminished employability based on his claimed ongoing functional limitations places his future vocational capacity and future functional limitations squarely in controversy. This is particularly true when considering American Family has not yet made a coverage decision for portions of Preitauer's UIM claim. . . . For these reasons, there is good cause for the Rule 35 examinations American Family seeks.");[1] *Curtis Park Grp., LLC v. Allied World Specialty Ins. Co.*, No. 20-cv-00552-CMA-NRN, 2020 WL 5406130, at *5 (D. Colo. Sept. 9, 2020) ("This case, by contrast, is not just about bad faith, but also about whether there is any coverage at all based on the cause of the

---

[1] At the hearing, the magistrate judge specifically noted that he found Magistrate Judge Crews's analysis of a similar case to be persuasive.

deflection.  In *Schultz*, the insurer had paid full policy limits, so the issue of coverage was no longer in play.  Here, evidence as to the cause of the deflection (even evidence acquired after Allied World made its decision) is still relevant to the underlying question as to whether there is coverage for this loss under the policy.  Therefore, I do not find the *Schultz* case applicable under these circumstances."); *Meumann v. Peerless Idemnity Ins. Co.*, No. 19-cv-03554-CMA-KMT, 2020 WL 4016111, at *2 (D. Colo. July 15, 2020) ("Plaintiff claims that he will continue to require accident-related treatment for the rest of his life. . . .  In *Schultz*, of course, the plaintiff's medical treatment and his later claims were in the past, and coverage for the claims had been undisputedly previously made by the insurer.  Therefore, *Schultz* is inapposite to this case."); *Tedrow v. Sentry Ins.*, No. 19-cv-0685-WJM-NRN, 2018 WL 9869734, at *4 (D. Colo. Dec. 3, 2018) ("Central to Tedrow's arguments, and the applicability of . . . *Schultz*, is the finding that Sentry had denied Tedrow's UIM claim before it had requested him to undergo an IME.  The record before the Court, however, firmly supports the finding that Sentry had not denied Tedrow's UIM claim when it requested him to submit to an IME. . . .  [I]n reviewing the correspondence between Sentry and Tedrow, the Court finds that the parties appeared to be in genuine negotiations, and that Sentry did not – implicitly or explicitly – deny Tedrow coverage.  For these reasons, the Court will deny Tedrow's Motion.")).  The Court finds no clear error in magistrate judge's analysis and agrees with defendant that these cases are persuasive.  Accordingly, the Court will overrule plaintiff's objection.

 Wherefore, it is

6

ORDERED that Plaintiff's Objection to the Court's May 12, 2022 Order [ECF No. 23] Pursuant to Federal Rule of Civil Procedure 72(a) [Docket No. 27] is **OVERRULED**.

DATED August 25, 2022.

                                              BY THE COURT:

                                              PHILIP A. BRIMMER
                                              Chief United States District Judge